**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

PHILIP EMIABATA,

    Plaintiff,

v.

MARTIN J. O'MALLEY ET AL.,

    Defendants.

Civil No. 24-1196-BAH

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Philip Emiabata brought suit against the Social Security Administration ("SSA"), former SSA Commissioner Martin O'Malley, and an employee of the SSA office in Austin, Texas identified as "Charles" (collectively "Defendants") alleging violations of the Fifth and Eight Amendments. ECF 1. Pending before the Court is Defendants' motion to dismiss or transfer, or alternatively for summary judgment. ECF 21. Plaintiff filed an opposition, ECF 25, and Defendants filed a reply, ECF 30. All filings include memoranda of law and Defendants' motion includes exhibits.[1] Plaintiff has also filed a motion for leave to file a surreply. ECF 32. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Defendants' Motion is **GRANTED** and Plaintiff's Motion is **DENIED** as moot.

**I.    BACKGROUND**

Prior to becoming disabled, Plaintiff was "self-employed as an independent contractor with USPS and [as] a transporter[.]" ECF 1, at 15 ¶¶ 48–49. On March 18, 2024, Plaintiff received a

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

letter indicating that his Social Security Income ("SSI") payments would be "changed" and directing him to file an appeal if he disagreed with the change. ECF 1, at 12 ¶ 38. The letter purportedly stated that if Plaintiff appealed within 10 days, the payment amount would not change until the appeal was decided. *Id.* at 13 ¶ 38. Plaintiff called the Austin SSA office ("the Office") on or about March 20 and April 1 to dispute the decision. *Id.* ¶ 40. In addition, Plaintiff sent via certified mail a notice of appeal to the Defendants, a copy of which he also delivered to the Office in person on March 29. *Id.* ¶¶ 41–42. However, Plaintiff contends that Defendants failed to schedule the appeals hearing "promptly," in contravention of various statutes and regulations. *Id.* at 14 ¶¶ 43–44. Eventually, Plaintiff says, his benefits were terminated "without an opportunity to be heard." *Id.* at 15 ¶ 50. As a result, he alleges that he had to rely on the assistance of friends and family to pay his bills, which he says he is still struggling to pay. *Id.* at 15–16 ¶¶ 51–52.

Plaintiff filed suit in this Court on April 23, 2024, alleging that his benefits were improperly terminated. ECF 1, at 15 ¶ 50. Plaintiff appears to request relief in the form of compensatory, nominal, and punitive damages, as well as injunctive relief. *Id.* at 22–27 ¶¶ 72–93.

## II.   LEGAL STANDARD

Defendants have submitted a motion to dismiss or transfer, or, in the alternative, for summary judgment. ECF 21-1, at 1. When presented with a motion to dismiss or, in the alternative, a motion for summary judgement, the disposition of the motion "implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure." *Pevia v. Hogan,* 443 F. Supp. 3d 612, 625 (D. Md. 2020). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

2

Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where a plaintiff has notice that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). When, as here, a movant expressly captions their motion to dismiss "in the alternative" as one for summary judgment and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the Court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261; *see also Willey v. Bd. of Educ. of St. Mary's Cnty.*, 557 F. Supp. 3d 645, 657 (D. Md. 2021) ("Notably, 'the Federal Rules do not prescribe that any particular notice be given before a Rule 12 motion is converted to a Rule 56 motion.'" (quoting *Ridgell v. Astrue*, Civ. No. 10-3280-DKC, 2012 WL 707008, at *7 (D. Md. Mar. 2, 2012))).

Ordinarily, a party opposing the conversion of a motion to dismiss into one for summary judgment must submit a Rule 56(d) affidavit setting forth their reasons for opposition. *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). However, failure to file a Rule 56(d) affidavit does not necessarily doom a party's opposition to conversion, and a court may consider whether the nonmoving party has "adequately informed the [ ] court that the motion [for summary judgment] is [premature] and more discovery is necessary." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002). The Fourth Circuit has stressed that district courts are to afford pro se plaintiffs particular lenience with respect to the requirements of Rule 56(d). *Farabee v. Gardella*, 131 F.4th 185, 194–95 (4th Cir. 2025).

Here, Plaintiff has not filed a Rule 56(d) affidavit and indeed does not appear to specifically challenge conversion of the motion into one for summary judgment. However, he does argue broadly that he should receive "full discovery[.]" ECF 25, at 13. In light of Plaintiff's pro se

3

status, and considering the Fourth Circuit's instruction to afford greater lenience to those self-represented plaintiffs who "lack legal education," *Farabee*, 131 F.4th at 197, the Court declines to convert the motion into one for summary judgment.

Defendants have filed their motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for a lack of subject matter jurisdiction. "Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)). In evaluating a motion to dismiss for lack of subject matter jurisdiction, courts should regard the pleadings as "mere evidence on the issue" and may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Because Plaintiff brings this suit pro se, the Court must liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III.  ANALYSIS

While the nature of the claims Plaintiff brings is not immediately clear from the complaint, the enumerated counts[2] are for "negligence," "negligence per se," violations of SSA regulations, and "breach of contract." ECF 1, at 16–22 ¶¶ 53–71. Though the viability of Plaintiff's claims are problematic in other areas,[3] as a threshold matter, the Court determines that it does not have

---

[2] Plaintiff purports to bring two other causes of action: "punitive damages" and "compel Defendants to show cause" for their failure to act promptly. ECF 1, at 22–26 ¶¶ 72–93. However, these are requested remedies, not standalone causes of action. *See Williams-Jones v. Hrushka*, Civ. No. 241683-JRR, 2024 WL 5158798, at *2 (D. Md. Dec. 18, 2024).

[3] For example, Plaintiff apparently seeks to bring his claims as either a *Bivens* action or pursuant to 42 U.S.C. § 1983. *See id.* at 1–2. However, neither is applicable here. Under 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes

jurisdiction over them. Whatever the specific purported causes of action, Plaintiff's claim

concerns wrongful termination of benefits, and thus his exclusive remedy arises under the Social

Security Act, specifically 42 U.S.C. § 405(g). *See Smith v. Soc. Sec. Admin.*, Civ. No. 20-177-

RDB, 2021 WL 3406609, at *1 (D. Md. Aug. 4, 2021) (construing claims that a plaintiff's social

security benefits were unconstitutionally terminated as section 405(g) claims, even where the

plaintiff did not explicitly state a claim under the Social Security Act).

Section 405(g) provides, in relevant part:

> Any individual, *after any final decision of the Commissioner of Social Security*
> made after a hearing to which he was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a civil action commenced
> within sixty days after the mailing to him of notice of such decision or within such
> further time as the Commissioner of Social Security may allow. *Such action shall
> be brought in the district court of the United States for the judicial district in which
> the plaintiff resides*, or has his principal place of business, or, if he does not reside
> or have his principal place of business within any such judicial district, in the United
> States District Court for the District of Columbia . . . .

42 U.S.C. § 405(g) (emphases added). The SSA review process involves four steps: (1) an initial

determination; (2) reconsideration; (3) an Administrative Law Judge ("ALJ") hearing and

---

to be subjected, any citizen of the United States or other person within the jurisdiction thereof to
the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of
the United States. Here, Plaintiff has not alleged any action taken under color of state law, and so
42 U.S.C. § 1983 is inapplicable. *See Smith v. Soc. Sec. Admin.*, Civ. No. 20-0177-RDB, 2021
WL 3406609, at *1 (D. Md. Aug. 4, 2021); *Townsend-White v. Soc. Sec. Admin.*, 16-cv-919, 2016
WL 9665195, at *1 (N.D.N.Y. Oct. 5, 2016). And while individual federal employees may in
certain circumstances be held liable for violating a plaintiff's constitutional rights, *see Bivens v.
Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court
has been reluctant to extend a *Bivens* cause of action beyond contexts involving the Fourth
Amendment. *See Egbert v. Boule*, 596 U.S. 482, 486 (2022) (collecting cases). Indeed, the
Supreme Court has specifically foreclosed the possibility of *Bivens* actions to social security
claimants alleging violations of their constitutional rights in the context of the SSA benefits
process. *See Schweiker v. Chilicky*, 487 U.S. 412, 423–25 (1988) (determining that the Social
Security Act "makes no provision for remedies in money damages against officials responsible for
unconstitutional conduct that leads to the wrongful denial of benefits" and finding that the
legislative scheme evinced Congress's provision of "adequate remedial mechanisms").

decision; and (4) Appeals Council ("AC") review or denial thereof. 20 C.F.R. § 416.1400(a)(1)–

(4). Once a claimant has completed that process, a "final decision" has been issued, and only then

may the claimant seek judicial review. 20 C.F.R. § 416.1400(a)(5). Here, Plaintiff has not alleged

any facts that suggest he exhausted his administrative remedies. Without exhaustion of remedies,

there is no final decision, and thus this Court has no jurisdiction over Plaintiff's claims. *Califano

v. Sanders*, 430 U.S. 99, 108 (1977); *see also Robert J. v. Comm'r, Soc. Sec. Admin.*, Civ. No. 19-

2593-RDB, at *4 (D. Md. Mar. 20, 2020), *report and recommendation adopted sub nom. Johnson

v. Comm'r, Soc. Sec. Admin.*, 2020 WL 13605447 (D. Md. Apr. 27, 2020).

Even if Plaintiff had exhausted his administrative remedies, this Court would not be the

proper venue for his claims. Though the principal place of business of the SSA is Maryland, that

fact is "immaterial" to whether Plaintiff's claims are properly brought in the District of Maryland.

*Davis v. Astrue*, Civ. No. 11-3478-SAG, 2013 WL 66502, at *2 (D. Md. Jan. 3, 2013). Instead,

42 U.S.C. § 405(g) specifies that any suits shall "be brought in the district court of the United

States for the judicial district in which the plaintiff resides, or has his principal place of business."

Plaintiff does not allege that he resides or has his principal place of business in Maryland; instead,

he represents that his mailing address is in Fairfield, Connecticut. ECF 1, at 28. Plaintiff has

continued to list this address on all correspondence and filings with the court. *See* ECF 25, at 21;

ECF 32, at 3. Thus, any action would need to proceed in the United States District Court for the

District of Connecticut once exhaustion has occurred.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, ECF 21, is GRANTED and

Plaintiff's motion to file a surreply, ECF 32, is DENIED as moot.

A separate implementing Order will issue.

Dated: <u>August 1, 2025</u>

_____/s/_____

Brendan A. Hurson
United States District Judge
